| | |
|---|---|
| 1 | SHERRIE M. FLYNN, SBN 240215 |
| | sflynn@ch-law.com |
| 2 | AISHA O. OTORI, SBN 342273 |
| | aotori@ch-law.com |
| 3 | COLEMAN & HOROWITT, LLP |
| | Attorneys at Law |
| 4 | 499 W. Shaw Avenue, Suite 116 |
| | Fresno, California 93704 |
| 5 | Telephone: (559) 248-4820 |
| | Facsimile: (559) 248-4830 |
| 6 | |
| 7 | Attorneys for Plaintiff, HYPHY MUSIC, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| HYPHY MUSIC INC., a California corporation, | Case No. |
| Plaintiffs, | **COMPLAINT FOR TRADEMARK INFRINGEMENT AND FALSE ADVERTISING UNDER, 15 U.S.C. §1125 (SECTION 43 OF THE LANHAM ACT); VIOLATION OF THE COMMON LAW RIGHT OF PUBLICITY; UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE §§17200 ET SEQ.; FALSE ADVERTISING UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE §§17500** |
| vs. | |
| FEDERICO CRUZ, an individual dba CRUZ PROMOTIONS; JOSE LUIS POSADAS ROMANO, an individual; LUIS EDUARDO ROA HERNANDEZ; an individual, JORGE ESPITIA HERNANDEZ; an individual, ALONSO ESTRADA, an individual; and VICTOR CHAGOYA, an individual. | |
| Defendants. | **JURY TRIAL DEMANDED** |

///

///

///

///

COMPLAINT

Plaintiff, HYPHY MUSIC INC. ("Plaintiff" or "Hyphy") alleges:

## PRELIMINARY STATEMENT

This is an action for trademark infringement and false advertising arising under Section 43 of the Lanham Act, 15 U.S.C. §§ 1125(a)(1)(A) and (B), and for the substantial and related claims of contributory trademark infringement, violation of the common law right of publicity, unfair competition and false advertising under, respectively, California Business and Professions Code §§ 17200 et seq. and 17500, all arising in connection with defendants unauthorized use of the name and likeness of the El Ritmo Sabroson Del Grupo Ensamble band's ("Grupo Ensamble Band") name and likeness, the GRUPO ENSAMBLE word mark (U.S. Ser. No. 97,280,925, filed Feb. 23, 2022) and the EL RITMO SABROSON DEL GRUPO ENSAMBLE combined word/design mark (U.S. Ser. No. 97,508,646, filed Jul. 18, 2022; collectively, the "GRUPO ENSAMBLE Marks") in connection with the advertising, promoting and marketing of live performances of a musical group.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b) because this action involves a federal question arising under the trademark laws of the United States. Supplemental jurisdiction over the state law claims is proper pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal question claims that they form part of the same case and controversy.

2. Venue is proper with this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1391(d) because a substantial part of the events or omissions giving rise to the claims occurred within this district and because defendants reside or may be found in this district.

## PARTIES

3. Plaintiff is a California Corporation with its principal place of business located at 2727 North Grove Industrial Drive #155, Fresno, CA 93727.

4. Upon information and belief, Defendant FEDERICO CRUZ is an individual residing in Los Angeles County, California, and doing business as CRUZ PROMOTIONS ("Cruz").

5. Upon information and belief, Defendant JOSE LUIS POSADAS ROMANO ("Romano") is an individual residing in Mexico but working in this judicial district, California and throughout the United States.

6. Upon information and belief, Defendant LUIS EDUARDO ROA HERNANDEZ ("L. Hernandez") is an individual residing at Mexico but working in this judicial district, California and throughout the United States.

7. Upon information and belief, Defendant JORGE ESPITIA HERNANDEZ ("J. Hernandez") is an individual residing in Mexico but working in this judicial district, California and throughout the United States.

8. Upon information and belief, Defendant ALONSO ESTRADA ("Estrada") is an individual residing in Los Angeles County, California.

9. Upon information and belief, Defendant VICTOR CHAGOYA ("Chagoya") is an individual residing in Fresno County, California.

10. Defendants Cruz, Romano, L. Hernandez, J. Hernandez, Estrada, and Chagoya are at times collectively referred to as "Defendants," or individually, as a "Defendant."

11. Plaintiff is informed and believes and thereon alleges that at all relevant times herein, each of the defendants was and now is the agent, servant, employee, representative and/or alter ego of each of the remaining defendants and, in doing the things hereinafter alleged, was acting within the scope of its authority as such agent, servant, employee and/or representative with the permission and consent of the remaining defendants

## FACTS COMMON TO ALL CLAIMS

12. Hyphy has been duly registered as a corporation in the State of California since January 14, 2014, and, among other things, produces, distributes,

and promotes live music at venues around the United States.

**Hyphy's Trademarks**

13. Hyphy is the owner of valid trademarks for the GRUPO ENSAMBLE Mark.

14. At least as early as January 1, 2019, Hyphy has been using its GRUPO ENSAMBLE Marks in interstate commerce in connection with live performances by a musical group (the Grupo Ensamble Band) and has applied for registration on the United States Patent and Trademark Office's Principal Register of the GRUPO ENSAMBLE Marks. Attached collectively as **Exhibit 1** are true and correct copies of Hyphy's registration applications.

15. Hyphy's widespread, continuous, and exclusive use of the GRUPO ENSAMBLE Marks to identify its live performances by a musical group, and Hyphy Music's substantial investment in advertising, promoting, marketing, and producing live music performances on the Internet, including its website and social media, and in print throughout the United States has led the consuming public to readily recognize and identify Hyphy as the source of the Grupo Ensamble Band's live performances. A true and correct copy of an example of Hyphy's advertising is attached hereto as **Exhibit 2**.

16. Hyphy's GRUPO ENSAMBLE trademark is well known by consumers and is distinctive in both the consuming public and Plaintiff's trade to represent high-quality live music performances by a musical group sponsored and promoted by Hyphy Music in the United States and abroad.

17. As a result of its widespread, continuous, and exclusive use of its GRUPO ENSAMBLE Marks to identify the high quality of the live performances by a musical group designated by the GRUPO ENSAMBLE Marks, and the acquired, incalculable, distinction, reputation, and goodwill belonging exclusively to Hyphy, Hyphy owns valid and subsisting common law rights to the GRUPO ENSAMBLE Marks.

**Defendant Cruz's Split with the Original Grupo Ensamble Band**

18.   Cruz is a freelance promoter, who, like any other freelance promoter, works on booking presentations.

19.   Cruz booked several shows for the original Grupo Ensamble Band that were eventually cancelled because of the Covid 19 pandemic.

20.   Cruz kept all deposits for the cancelled shows and refused to refund customers for the shows. When Covid 19 restrictions were lifted, the Grupo Ensamble Band opted not to allow Cruz to book anymore shows on its behalf.

21.   This angered Cruz, who subsequently created a fake band to compete with the original Grupo Ensamble Band and has continued offering live performances by the fake Grupo Ensamble Band, thereby misleading the consuming public.

**Cruz Forms a Fake Band**

22.   Upon information and belief, Defendant, Cruz took possession of several proprietary and confidential business records, including but not limited to U.S. visa applications submitted to the United States Citizen and Immigration Service (USCIS) for securing entry into the United States for the legitimate band members of the Grupo Ensamble Band, and information contained within said visa applications.

23.   Subsequently, Cruz began doing business as Cruz Promotions, and taking unfair advantage of the illegally and unlawfully obtained visa information, sponsored Mexican foreign nationals to form a musical band that began and continues without permission, to act and promote themselves as the legitimate band members of the Grupo Ensamble Band under the GRUPO ENSAMBLE Marks belonging to Hyphy.

**Cruz, Estrada and Chagoya Infringement of Hyphy Trademarks**

24.   Upon information and belief, Estrada is a Content Supervisor at Ticketon.com, a website advertising upcoming events, including but not limited to live performances by bands.

25.   Upon information and belief, Chagoya is a promoter of live musical

1   performances in and around the Central Valley of California.

2         26.    Defendants Cruz, Estrada and Chagoya falsely advertised and promoted live music shows using the Grupo Ensemble Band's name and likeness, and Plaintiff's GRUPO ENSAMBLE Marks, and have succeeded in securing for Cruz venues for the fake band falsely representing themselves as the Grupo Ensamble Band, to Hyphy's detriment.  Attached collectively hereto as **Exhibit 3** are true and correct copies of examples of Cruz, Estrada and Chagoya's advertisements showing their infringing use of the GRUPO ENSAMBLE Marks.

      27.    Defendants Cruz, Estrada and Chagoya's unauthorized use of the GRUPO ENSAMBLE Marks directly competes with Hyphy's use of its legitimate trademarks.

      28.    Due to the unauthorized use of Hyphy's trademarks, Defendants Cruz, Estrada and Chagoya have caused confusion in the marketplace and consumers have been deceived into purchasing tickets to live music shows to see a fake band with much lower quality of musicians and musical performances under the same name and likeness as Plaintiff's legitimate band with high-quality musicians and musical performances.

      29.    The continued unauthorized use by the Defendants Cruz, Estrada and Chagoya of Hyphy's trademarks has caused damage to Hyphy because Defendants Cruz, Estrada and Chagoya have deceptively benefited financially from false advertisements to Hyphy's detriment.

      30.    That Defendants Cruz, Estrada and Chagoya's unauthorized use of Hyphy's same GRUPO ENSAMBLE Marks with the same appearance, look, and sound, and offering virtually the same services in virtually the same marketing channels is an infringing act as defined by 15 U.S.C. 1125 (43 of the Lanham Act) that is likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendant Cruz's live musical performances, and have and are likely to deceive the relevant consuming public into

believing, mistakenly, that the "Grupo Ensamble" band Defendant Cruz is promoting, and the band's musical performances originate from, are associated or affiliated with, or otherwise are authorized by Plaintiff.

31. That despite being warned and served with a cease and desist letter dated August 6, 2022, Defendant Cruz continues to advertise falsely, promote, and hold his fake band out to the public as the original Grupo Ensamble Band and use Hyphy's GRUPO ENSAMBLE Marks without authorization and with an intent to deceive the public into purchasing tickets to live music shows performed by the illegitimate band members for the purpose of diverting sales of Plaintiff's live musical performances to Cruz for financial gain.

32. Defendants Cruz, Estrada and Chagoya's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and the goodwill associated with the GRUPO ENSAMBLE Marks, for which Plaintiff has no adequate remedy at law.

33. Upon information and belief, defendant Romano is principal of the fake band promoting itself as the legitimate Grupo Ensamble Band. Defendant Ramano, as principal, has, and continues to provide his services of organizing and directing the fake band even though he knew or had reason to know that, at minimum, Cruz was engaging in trademark infringement by use of the GRUPO ENSAMBLE Marks in connection with the fake band.

34. Similarly, upon information and belief, defendants L. Hernandez and J. Hernandez are vocalists for the fake band and continued to provide vocals to the fake band even though they knew or had reason to know that, at minimum, Cruz was engaging in trademark infringement by use of the GRUPO ENSAMBLE Marks in connection with the fake band.

35. Upon information and belief, Defendants acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's GRUPO ENSAMBLE Marks, cause confusion and deception in the marketplace, and diverting potential sales of

Plaintiff's live performances to Cruz.

## COUNT ONE

(Against Defendants Cruz, Estrada and Chagoya for Trademark Infringement/ False Designation of Origin Under 15 U.S.C. § 1125(a)(1)(A))

36. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-35 as if fully set forth herein.

37. Defendants Cruz, Estrada and Chagoya unauthorized use in commerce of Hyphy's GRUPO ENSAMBLE Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's live performances by a musical group and is likely to cause consumers to believe, contrary to fact, that Defendant's live performance are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

38. Defendants Cruz, Estrada and Chagoya unauthorized use in commerce of the Plaintiff's GRUPO ENSAMBLE Marks as alleged herein constitutes trademark infringement, false designation of origin and a misleading description and representation of fact.

39. Upon information and belief, Defendants Cruz, Estrada and Chagoya's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

40. Defendants' Cruz, Estrada and Chagoya's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its reputation, and the goodwill associated with the GRUPO ENSAMBLE Marks, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

41. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable

1 attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act,
2 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## COUNT TWO

(Contributory Trademark Infringement Against Defendants Romano,

L. Hernandez and J. Hernandez)

42. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-41 as if fully set forth herein.

43. Upon information and belief, each of Defendants Romano, L. Hernandez and J. Hernandez knew that Cruz had formed a fake band in direct competition to Hyphy's legitimate Grupo Ensamble Band and knew or had reason to know that at least Cruz was infringing Hyphy's GRUPO ENSAMBLE Marks by use of the GRUPO ENSAMBLE name with the fake band. Romano, L. Hernandez and J. Hernandez, however, continued to provide their services to the fake band even though they knew or had reason to know of Cruz's infringement.

44. Upon information and belief, Defendants Romano, L. Hernandez and J. Hernandez's conduct as alleged herein is and was willful and is and was intended and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

45. Defendants' Romano, L. Hernandez and J. Hernandez's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its reputation, and the goodwill associated with the GRUPO ENSAMBLE Marks, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

46. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

///

## COUNT THREE

(Against Defendants Cruz, Estrada and Chagoya for False Advertising

Under 15 U.S.C. § 1125(a)(1)(B))

47. Hyphy Music realleges and incorporates by reference the allegations in paragraphs 1-46.

48. Defendants Cruz, Estrada, and Chagoya's advertisement by website, social media and/or print using Plaintiff's proprietary GRUPO ENSAMBLE Marks, and implying legitimacy as the authentic Grupo Ensamble Band is a false statement of fact.

49. Defendants' advertising aimed at an audience, a substantial number of them being actual and potential consumers of Plaintiff's Grupo Ensamble Band's music and live performances in the United States and beyond has and will continue to deceive a substantial segment of potential consumers.

50. The deception is material because it has and is likely to continue to influence consumers' purchasing decisions and has and is likely to continue to cause diminished support and reduced business opportunities for Hyphy with potential business partners and the consuming public.

51. Defendants' false advertising has injured and is likely to continue to injure Hyphy, and as a result, Hyphy is entitled to monetary and injunctive relief.

## COUNT FOUR

(Against All Defendants for Violation of the Common Law Right of Publicity)

52. Hyphy Music realleges and incorporates the allegations in paragraphs 1-51.

53. Each of the legitimate Grupo Ensamble band members granted Plaintiff an exclusive license to use the band member's name, likeness, voice, and other identifying information, as well as consented to Hyphy's use of the Grupo Ensamble Band's identity and likeness.

54. Thus, Hyphy has the exclusive right to the identity and likeness of the

legitimate Grupo Ensamble Band, including but not limited to use of the name, likeness and other identifying information.

55. Defendants and each of them, were aware of Hyphy's exclusive rights to use the Grupo Ensamble Band's name and identity.

56. Defendants, for the purpose of competing directly with Plaintiff for live musical performances, misappropriated and used without authorization the identity of the legitimate GRUPO Ensamble Band to lure consumers to Defendants' live performances and for Defendants' commercial advantage.

57. Plaintiff did not consent to the use of the Grupo Ensamble Band's name or identity.

58. Defendants' violation of the common law right of publicity in the Grupo Ensamble Band's name and identity resulted in injury to Hyphy, including but not limited to monetary damages and loss of reputation.

## COUNT FIVE

(Against all Defendants for Unfair Competition Under California Business and Professions Code §§17200 et seq.)

59. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-58.

60. California Business and Professions §§ 17200 et seq. prohibits any unlawful, unfair, or fraudulent business acts or practices.

61. The actions of Defendants, and each of them, in infringing or contributed to the infringement of Plaintiff's GRUPO ENSAMBLE Marks constitutes unfair and/or fraudulent business practices under California Business and Professions Code §§ 17200 et seq.

62. Upon information and belief, the actions of Defendant Cruz in knowingly, surreptitiously and unlawfully taking the personal identifying information of Hyphy's band members and using it fraudulently and falsely for foreign nationals from Mexico to secure entry into the United States in the

formation of a fake band constitutes unfair and/or fraudulent business practices under California Business and Professions Code §§ 17200 et seq.

63. Upon information and belief, the actions of each of Defendants Romano, L. Hernandez and J. Hernandez in knowingly and unlawfully using the stolen identities to create a fake band to perform at live musical performance events constitutes unfair and/or fraudulent business practices under California Business and Professions Code §§ 17200 et seq.

64. As a result of Defendants' unlawful business practices, Plaintiff has suffered monetary damages and injury because venues that entered into agreements with Hyphy Music have cancelled scheduled event dates in favor of the fake band performances.

## COUNT SIX

(Against Defendants Cruz, Estrada and Chagoya for False Advertising Under California Business Code §§17500)

65. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1- 64.

66. Defendants Cruz, Estrada and Chagoya's use of false advertising by website, social media and/or using Hyphy's proprietary GRUPO ENSAMBLE Marks to legitimize themselves as the real Grupo Ensamble Band is false and deceptive advertising.

67. Defendants' misappropriation of Plaintiff's GRUPO ENSAMBLE Marks deceives consumers as to the source of the fake band's live performances and constitutes false advertisement.

68. Upon information and belief, Defendants Cruz, Estrada and Chagoya's false advertising has resulted in venues declining or cancelling Hyphy's legitimate Grupo Ensamble Band's live performances resulting in reduced ticket sales and revenues to Hyphy Music.

///

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

**On the First Count Against Defendants Cruz, Estrada and Chagoya**

1. For actual and compensatory damages in an amount according to proof at trial;

2. For Defendants' Cruz, Estrada and Chagoya's profits;

3. For exemplary and punitive damages;

4. For issuance of a preliminary and permanent injunction barring Defendants' Cruz, Estrada and Chagoya from (i) advertising, promoting, offering tickets to and/or conducting live performances with a fake Grupo Ensamble band, and/or (ii) using Plaintiff's GRUPO ENSAMBLE Marks or any mark that is confusing similar to the GRUPO ENSAMBLE Marks for live performances for a musical band, or similar;

5. For prejudgment interest at the rate of 10% per annum in an amount according to proof a trial; and

6. For reasonable attorney's fees.

**On the Second Count Against Defendants Romano, L. Hernandez and J. Hernandez**

1. For actual and compensatory damages in an amount according to proof at trial;

2. For Defendants' Romano, L. Hernandez and J. Hernandez's profits;

3. For exemplary and punitive damages;

4. For issuance of a preliminary and permanent injunction barring Defendants' Romano, L. Hernandez and J. Hernandez from (i) participating in live performances with a band holding itself out as the Grupo Ensamble Band and/or (ii) using Plaintiff's GRUPO ENSAMBLE Marks or any mark that is confusing similar to the GRUPO ENSAMBLE Marks;

///

5.     For prejudgment interest at the rate of 10% per annum in an amount according to proof a trial; and

6.     For reasonable attorney's fees.

**On the Third Count Against Defendants Cruz, Estrada and Chagoya**

1.     For actual and compensatory damages in an amount according to proof at trial;

2.     For Defendants' Cruz, Estrada and Chagoya's profits;

3.     For exemplary and punitive damages;

4.     For issuance of a preliminary and permanent injunction barring Defendants' Cruz, Estrada and Chagoya from (i) advertising, promoting, offering tickets to and/or conducting live performances with a band holding itself out to be the Grupo Ensamble Band, and/or (ii) using Plaintiff's GRUPO ENSAMBLE Marks or any mark that is confusing similar to the GRUPO ENSAMBLE Marks;

5.     For an Order requiring Defendants Cruz, Estrada and Chagoya to publish corrective advertising indicating that the fake band is <u>not</u> the Grupo Ensamble Band;

6.     For prejudgment interest at the rate of 10% per annum in an amount according to proof a trial; and

7.     For reasonable attorney's fees.

**On the Fourth Count Against All Defendants**

1.     For actual and compensatory damages in an amount according to proof at trial;

2.     For Defendants' profits;

3.     For exemplary and punitive damages;

4.     For prejudgment interest at the rate of 10% per annum in an amount according to proof a trial; and

5.     For issuance of a preliminary and permanent injunction barring Defendants from using the name and identity of the Grupo Ensamble Band.

**On the Fifth Count Against All Defendants**

1. For restitution for revenues lost by Plaintiff because of live performances by the fake band using the Grupo Ensamble name, identity and/or the GRUPO ENSAMBLE Marks;

2. For issuance of a preliminary and permanent injunction barring Defendants' from (i) using the name or identity of the Grupo Ensamble band, (ii) advertising, promoting, offering tickets to and/or conducting live performances with a band holding itself out to be the legitimate Grupo Ensamble Band; and/or (iii) using Plaintiff's GRUPO ENSAMBLE Marks or any mark that is confusing similar to the GRUPO ENSAMBLE Marks;

**On the Sixth Count Against Defendants Cruz, Estrada and Chagoya**

1. For actual and compensatory damages for advertising by Plaintiff necessary to respond to Defendants Cruz, Estrada and Chagoya's false advertising; and

2. For issuance of a preliminary and permanent injunction barring Defendants' from (i) using the name or identity of the Grupo Ensamble band, (ii) advertising, promoting, offering tickets to and/or conducting live performances with a band holding itself out to be the legitimate Grupo Ensamble Band; and/or (iii) using Plaintiff's GRUPO ENSAMBLE Marks or any mark that is confusing similar to the GRUPO ENSAMBLE Marks.

**On All Counts**

1. For costs of suit herein; and

2. For such other and further relief as this Court deems just and proper.

DATED: November 21, 2022                COLEMAN & HOROWITT, LLP

By:   /s/ Sherrie M. Flynn
        SHERRIE M. FLYNN
        AISHA O. OTORI
        Attorneys for Plaintiff,
        HYPHY MUSIC INC.

**DEMAND FOR JURY TRIAL**

Plaintiff, HYPHY MUSIC INC., hereby demands a trial by jury.

DATED: November 21, 2022                COLEMAN & HOROWITT, LLP

By:   /s/ Sherrie M Flynn
SHERRIE M. FLYNN
AISHA O. OTORI
Attorneys for Plaintiff,
HYPHY MUSIC INC.